**Opinion issued August 2, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00483-CR

———————————

**TIMOTHY WAYNE MANSKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1325581**

---

## MEMORANDUM OPINION

Appellant, Timothy Wayne Mansker, pleaded guilty to the felony offense of failure to comply with sex offender registration requirements.[1] The trial court found appellant guilty and, in accordance with the terms of appellant's plea bargain

---

[1]    *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(3) (West 2006).

agreement with the State, sentenced appellant to confinement for 2 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).